1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**
9       **CENTRAL DISTRICT OF CALIFORNIA**
10
11  OLIVER D. SMITH                    Case
12                                     No.:  2:24–cv–05130–JLS–RAO
13            Plaintiff(s),            **SELF-REPRESENTATION**
14       v.                            **ORDER**
15  STEVE SAILER
16
17            Defendant(s).
18
19
20       One or more of the parties to this action has elected to appear *pro se* (i.e.,
21  without a lawyer). Persons appearing before the Court are not required to retain the
22  services of a lawyer or obtain the advice of counsel. Individual litigants may
23  represent themselves *pro se*, but corporations and associations must be represented
24  by counsel. *See Church of the New Testament v. United States*, 783 F.2d 771, 773
25  (9th Cir. 1986) (unincorporated association); *In Re Highley*, 459 F.2d 554, 555
26  (9th Cir. 1972) (corporations). In addition, non-attorney litigants may not represent
27  other individual litigants or trusts for which they serve as trustee. *See Johns v.*
28  *County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (minor children);

*C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir. 1987) (trust); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants). A partner may not represent his or her own interest in a partnership *pro se*, and a sole shareholder may not represent a corporation. *See In Re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (partner); *United States v. High Country Broad Co., Inc*., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (shareholder).

Proceeding *pro se* has significant risks, and this Court wishes to make some of those risks known at the outset of this proceeding:

- Generally speaking, non-attorney litigants are less like to be victorious than those assisted by counsel.
- The opposing party may have a lawyer, and that lawyer's duty is to achieve victory for his or her client. He or she will take every step legally permissible to that end.
- The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between the parties in accordance with the law. As such, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute, nor can any members of the judge's staff.
- You will be proceeding alone in a complex area where experience and professional training are greatly desired.

Simply stated, when you elect to proceed *pro se*, you are on your own and become personally responsible for litigating your action in accordance with the rules. Practice in the federal courts is governed by the Federal Rules of Civil Procedure. You **<u>must</u>** become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with the Court procedures and the rules and regulations of the court system.

Because litigating an action in federal court often requires a great deal of time, preparation, knowledge, and skill, this Court highly recommends against

1   proceeding without the assistance of counsel. Some attorneys will represent clients

2   on a contingency fee basis, where the fees associated with representation are

3   subtracted from a judgment in favor of the client.[1] However, should you wish to

4   continue without counsel–fully understanding the risks–you are hereby ordered to

5   carefully review the remainder of this Order, as it contains instructions proceeding

6   in this Court which **must** be followed.

7        This Order, while not comprehensive–and not a substitute for fully

8   familiarizing yourself with the Federal Rules of Civil Procedure, the Federal Rules

9   of Evidence, the Local Rules for the United States District Court for the Central

10  District of California, the Orders of this Court, including the Court's Procedures

11  and Schedules, Order Setting Scheduling Conference, and Order Re Jury Trial and

12  Order Re Court Trial, as well as federal and state case law applicable to this

13  action–is intended to bring certain aspects of law and motion practice to your

14  attention at an early stage in the litigation to remedy problems commonly associated

15  with *pro se* pleadings.[2]

16       **Communications with Chambers**: Pursuant to Local Rule 83-2.5, parties

17  **shall refrain** from writing letters to the judge, making telephone calls to chambers,

18  or otherwise communicating with the judge unless opposing counsel is present.

19  You may contact the Courtroom Deputy Clerk ("the Clerk") by emailing

20  JLS_Chambers@cacd.uscourts.gov, with appropriate inquiries. The ability to

21  contact the Clerk cannot serve as a substitute for your review of all relevant

22  procedures of the Court. The Clerk is **not** an attorney and will not provide you with

23  any legal advice. The Clerk cannot waive any of the requirements of this or any

24  _____

25       [1] The Los Angeles County Bar Association Lawyer Referral and Information
    Service may be able to refer you to a lawyer who may or may not be willing to take
26  your case on a contingency basis.

27       [2] The Local Rules for the United States District Court for the Central District
    of California are available on the District Court's website:
28  http://www.cacd.uscourts.gov/court-procedures/local-rules

1  other order of the Court. Should you wish to bring any matter to the attention of

2  the Court, you **must** do so in writing, and file and serve it on the opposing party.

3      **Jurisdiction**: The Federal Rules of Civil Procedure require that "[a] pleading

4  which sets forth a claim for relief . . . shall contain (1) a short and plain statement

5  of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a).

6  This District's Local Rules further provide that "[t]he statutory or other basis for

7  the exercise of jurisdiction by this Court shall be plainly stated in . . . any

8  document invoking this Court's jurisdiction." Local Rule 8-1.

9      **This is extremely important**. Unlike state courts, federal courts are not

10  courts of general jurisdiction, and can preside over only those matters authorized

11  by the Constitution and Congress. *Bender v. Williamsport Area Sch. Dist.*, 475

12  U.S. 534, 541 (1986). In other words, the party filing the action must **prove** to

13  the Court that jurisdiction over the action exists **before** the Court can reach the

14  merits of the Complaint. *See Smith v. McCullough*, 270 U.S. 456, 459 (1926)

15  (A "plaintiff, suing in federal court, must show in his pleading, affirmatively and

16  distinctly, the existence of whatever is essential to federal jurisdiction.").

17      Federal jurisdiction may be alleged either pursuant to 28 U.S.C. § 1331 for

18  actions "arising under the Constitution, laws, or treaties of the United States,"

19  otherwise known as "federal question" jurisdiction, or pursuant to 28 U.S.C.

20  § 1332(a)(1) for actions "between citizens of different States," otherwise known

21  as "diversity" jurisdiction.[3]

22      To invoke the Court's federal question jurisdiction, the complaint must

23  identify which right(s) the plaintiff(s) claim have been violated, and which law,

24  statute, or constitutional provision provides that right. *See Keniston v. Roberts*,

25  717 F.2d 1295, 1298 (9th Cir. 1983).

26  _____

27      [3] Diversity jurisdiction also exists in the less common circumstances
involving parties who are subjects of a foreign state. 28 U.S.C. § 1332(a)(2)-(4)

28

1    Diversity jurisdiction has **two** requirements. First, diversity jurisdiction

2    requires complete diversity of citizenship, that is, all plaintiffs must have a different

3    citizenship from all defendants. *See Owen Equipment and Erection Co. v. Kroger*,

4    437 U.S. 365, 373 (1978). Residence and citizenship are distinct concepts, with

5    significantly different jurisdictional ramifications: "[i]n order to be a citizen of a

6    State within the meaning of the diversity statute, a natural person must both be a

7    citizen of the United States *and* be domiciled within the State." *Newman-Green*,

8    *Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "A person's domicile is her

9    permanent home, where she resides with the intention to remain or to which she

10   intends to return. A person residing in a given state is not necessarily domiciled

11   there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert*

12   *Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Corporations are

13   citizens of both their state of incorporation and the state in in which they have their

14   principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also New Alaska Dev.*

15   *Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Unincorporated

16   associations are citizens of the states of each member. *See Fifty Associates v.*

17   *Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Second, when

18   jurisdiction is based on diversity of citizenship, district courts do not have original

19   jurisdiction unless a party alleges an amount in controversy exceeding $75,000.

20   *See* 28 U.S.C. § 1332(a).

21   Finally, you should understand that it is **insufficient** for a party to merely

22   claim that jurisdiction exists. Sufficient **facts** must be alleged to allow the Court to

23   assess whether it has jurisdiction over the action.

24   **Service**: Service is the formal delivery of a legal pleading. The Federal Rules

25   of Civil Procedure have different requirements for service to be effective

26   depending on the type of entity to be served: service on an individual within the

27   United States is governed by Federal Rule of Civil Procedure 4(e); corporations

28   and associations must be served in conformity with Federal Rule Civil Procedure

1   4(h); the United States and its agencies must be served pursuant to Federal Rule of

2   Civil Procedure 4(i); and state and local governmental units require service under

3   Federal Rule of Civil Procedure 4(j).

4        Time limits for service of the complaint are set forth in Federal Rule of Civil

5   Procedure 4(m). It is important to promptly and properly serve the opposing party,

6   especially with the summons and complaint when initiating an action, because

7   **failure to serve within the time limits specified by the Federal Rules <u>will**

8   **result in the dismissal</u> of your action for lack of prosecution**. You **<u>must</u>**

9   always inform the Court whenever you serve a filing on an opposing party; this

10   is done by filing a proof of service. *See* Fed. R. Civ. P. 4(l).

11        **Discovery**: Discovery is the mechanism by which the parties to an action

12   collect evidence relating to the case from one another. Certain information is

13   expected to be provided to the other side without a request. *See* Fed. R. Civ. P.

14   26(a). If the other side seeks to obtain discovery from you, you must cooperate

15   and provide the information sought on "any matter, not privileged, that is relevant

16   to the claim or defense of any party and proportional to the needs of the case."

17   Fed. R. Civ. P. 26(b)(1). The principal forms of discovery envisioned Rules are

18   the production and inspection of documents, requests for admission, depositions,

19   and interrogatories. *See* Fed. R. Civ. P. 27 through 36. Discovery disputes are

20   resolved by the magistrate judge assigned to the action. *See generally* Local Rule

21   37. Discovery should begin early in the litigation and may commence prior to the

22   Scheduling Conference.

23        **Motions**: Motions are requests to the Court to make a specified ruling or

24   order. The opposing party may file a motion to dismiss your action, pursuant to

25   Federal Rule of Civil Procedure 12, or a motion for summary judgment pursuant

26   to Federal Rule of Civil Procedure 56. If the opposing party files and serves a

27   motion on you, you **<u>must</u>** oppose it if you disagree with the requested relief.

28   **Failure to oppose an otherwise properly supported motion may result in the**

1   **Court granting that motion**. *See* Local Rule 7-12. **Depending on the motion,**

2   **this <u>may result in the dismissal</u> of your case.**

3       To oppose a motion, you **must** present the Court with a statement explaining

4   the basis of your opposition and the legal authority supporting your contentions.

5   You **<u>must</u>** also file any evidence upon which you intend to base your opposition

6   to a motion for summary judgment. Pursuant to Local Rule 7-9, your opposition is

7   due **<u>not later</u>** than twenty-one (21) days before the date designated for hearing

8   of the motion. If you need additional time to oppose the motion, you **<u>must</u>** file and

9   serve an *ex parte* application requesting an extension of time **<u>prior</u>** to the date on

10  which your opposition is due. You must demonstrate that the additional time you

11  seek is warranted and that the requested extension is not a crisis of your creation,

12  thus precluding you from seeking *ex parte* relief. *See Mission Power Eng'g Co. v.*

13  *Continental Cas Co*., 883 F. Supp. 488, 492-93 (C.D. Cal. 1995).

14      **Motion to Dismiss**: A motion brought pursuant to Federal Rule of Civil

15  Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of the

16  claims asserted in the complaint. A dismissal under Rule 12(b)(6) is proper only

17  where there is either a "lack of a cognizable legal theory," or "the absence of

18  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

19  *Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990). The Court will grant the motion

20  only if it appears that the plaintiff can prove no set of facts that would entitle him

21  to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating a

22  Rule 12(b)(6) motion, the Court must accept all material allegations in the

23  complaint as true and construe them in the light most favorable to the non-moving

24  party. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the

25  Court is not bound to assume the truth of legal conclusions merely because they are

26  stated in the form of factual allegations. *See Western Mining Council v. Watt*,

27  643 F.2d 618, 624 (9th Cir. 1981). Dismissal is proper if a complaint is vague,

28  conclusory, and fails to set forth any material facts in support of the allegations.

1   *See North Start Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir.

2   1983).

3   **Motion for Summary Judgment**: Summary judgment may be granted when

4   there are no material facts in dispute between the parties, making a trial

5   unnecessary. To resist summary judgment under Federal Rule of Civil Procedure

6   56, you **<u>must</u>** submit affidavits or other documentary evidence, such as depositions

7   and answers to interrogatories, which set forth specific facts showing there is a

8   genuine issue for trial. *See Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th

9   Cir. 1988). Failure to do so may result in the entry of summary judgment against

10  you. You should also note that Rule 56(c)(4) requires that affidavits or declarations

11  shall be made on personal knowledge, set forth facts that are admissible as

12  evidence, and show affirmatively that the affiant is competent to testify to the

13  matters stated therein. **Should you fail to contradict the moving party with**

14  **counter-affidavits, declarations or other evidence, the moving party's evidence**

15  **may be taken as the truth, and final judgment may be entered against you**

16  **without a trial, thus ending your case.** *See Rand v. Rowland,* 154 F.3d 952,

17  960-61 (9th Cir. 1998).

18  To effectively address a summary judgment motion, you should be aware of,

19  and familiar with, the following United States Supreme Court cases on summary

20  judgment: *Celotex v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc*.,

21  477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S.

22  574 (1986).

23  <u>**PRO SE CLINIC**</u>: The Court may not provide advice to any party, including

24  *pro se* litigants. However, this District does have a "Pro Se Clinic" that can provide

25  information and assistance about many aspects of civil litigation in this Court.

26  Public Counsel's Federal Pro Se Clinic provides free legal assistance to people

27  representing themselves in the United States District Court for the Central District

28  of California. The Pro Se Clinic is located at the Roybal Federal Building and

1  Courthouse, 255 East Temple Street, Los Angeles, California 90012.

2      The Los Angeles Clinic operates by appointment only. You may schedule an

3  appointment either by calling the Clinic or by using an internet portal. You can call

4  the clinic at (213) 385-2977, ext. 270, or you can submit an internet request at the

5  following site: http://prose.cacd.uscourts.gov/los–angeles.

6      Clinic staff can respond to many questions with a telephonic appointment or

7  through your email account. It may be more convenient to email your questions or

8  schedule a telephonic appointment. Staff can also schedule you for an in-person

9  appointment at their location in the Roybal Federal Building and Courthouse.

10      The Court has information of importance to pro se litigants at the "People

11  Without Lawyers" link, http://prose.cacd.uscourts.gov/.

12      **ELECTRONIC DOCUMENT SUBMISSION SYSTEM (EDSS)**: The

13  Clerk's Office has created the Electronic Document Submission System (EDSS)

14  which will allow pro se litigants to submit documents for filing through an online

15  portal, in lieu of submission by U.S. mail or in-person at Civil Intake. EDSS is a

16  document delivery system; documents submitted through EDSS are **not**

17  automatically uploaded on CM/ECF. Pro se litigants may submit documents in

18  PDF format for review and filing by the Clerk's Office. For more information

19  and to access EDSS, go to https://apps.cacd.uscourts.gov/edss.

20      Pro se litigants may also apply to the Court for permission to electronically

21  file. Form CV-005 is available at http://www.cacd.uscourts.gov/forms/application-

22  permission-electronic-filing.

23      The Court's website home page is http://www.cacd.uscourts.gov

24      **IT IS SO ORDERED.**

25      DATED: June 23, 2024            **JOSEPHINE L. STATON**

26                                  United States District Judge

27

28  REVISED: September 12, 2023